# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| PREDICATE LOGIC, INC.,<br><br>    Plaintiff and Counter-Defendant,<br><br>v.<br><br>DISTRIBUTIVE SOFTWARE, LLC,<br><br>    Defendant and Counterclaimant. | Civil No. 01cv1951 WQH (WMc)<br><br>**ORDER**<br><br>(Doc. # 184) |

HAYES, Judge:

The matter before the Court is Defendant's Motion for Summary Judgment Or, in the Alternative, Partial Summary Judgment ("Motion for Summary Judgment"). (Doc. # 184.)

**I.   Background**

On October 23, 2001, Plaintiff filed this action, alleging that Defendant is infringing one or more claims of United States Patent No. 5,930,798 (the "'798 Patent"). Plaintiff's Complaint additionally alleges that Defendant is "actively inducing others to infringe, and/or committing acts of contributory infringement of one or more claims of the '798 patent." (Compl. ¶ 12.) On May 17, 2002, Defendant filed its Answer, Affirmative Defenses and Counterclaims (Doc. # 67), denying the validity of the '798 Patent and seeking a declaration that the '798 Patent is invalid.

On November 14, 2002, the District Court (Moskowitz, J.) partially stayed the proceedings based on Defendant's Request for Reexamination of the '798 Patent, filed with the United States

Patent & Trademark Office ("USPTO") on October 7, 2002, which challenged all 20 claims of the '798 Patent. On July 8, 2005, Plaintiff filed an Amendment of the claims with the USPTO. (Def.'s Br., Doc. # 171, Ex. H at 154.) The Amendment states: "In response to the Office Action and Examiner's Amendment mailed 6/10/2005, and a telephone conversation of today with Examiner Mr. Vincent Trans, Owner respectfully requests the Examiner to Amend Claims 1 and 15 in order to reflect the agreement arrived at between the undersigned and the Examiner during a phone conversation of May 27, 2005." (Def.'s Br., Doc. # 171, Ex. H at 154.) The USPTO issued a Reexamination Certificate on March 7, 2006. (Pl.'s Br., Doc. # 170, Ex. 8 at 152-53.) The Reexamination Certificate states: "Claims 1 and 15 are determined to be patentable as amended. Claims 2-14 and 16-20, dependent on an amended claim, are determined to be patentable." (Pl.'s Br., Doc. # 170, Ex. 8 at 153.)

When the infringement lawsuit resumed in this Court, Defendant argued that the patent claims which were amended during the reexamination reflected substantive changes. Plaintiff argued that the changes were mere clarifications. The Court ordered briefing on the issue and conducted a hearing on December 1, 2006.

On January 25, 2007, the Court issued an Order finding that the changes were substantive. (Doc. # 180.) The Court found that, *inter alia*, amended claim 1 was broadened when the language changed from "said at least one index" to "at least one said index." (Jan. 25, 2007 Order, Doc. # 180, at 10-13.)

On April 4, 2007, Defendant filed the pending Motion for Summary Judgment. (Doc. # 184.) Defendant moves for summary judgment as to Plaintiff's Complaint and Defendant's Counterclaim, on the basis that the amendments made to the '798 Patent during reexamination broadened the claims, thereby rending them invalid. On May 25, 2007, Plaintiff filed its opposition to the Motion for Summary Judgment, asserting that the Court should find that there is a reasonable construction of the language change in amended claim 1 which would preserve the validity of the claim. Plaintiff argued in the alternative that the Court lacks subject-matter jurisdiction over claims 15-20 of the

1

2 '798 Patent. On June 11, 2007, the Court heard oral argument on the Motion for Summary
3 Judgment.

4 On June 11, 2007, Defendant filed its First Amended Answer, Affirmative Defenses and
5 Counterclaims, denying the validity of the '798 Patent and asserting counterclaims pursuant to the
6 Declaratory Judgment Act, seeking a declaration that the '798 Patent is invalid. (Doc. # 192.) On
7 June 29, 2007, Plaintiff filed its Answer to the First Amended Counterclaims. (Doc. # 194.)

8 **II.    Discussion**

9     **A.    Claims 1-14**

10 In the January 25, 2007 Order, the Court found that the amendments to claim 1 (and
11 dependent claims 2-14) were substantive, because, *inter alia*, amended claim 1 was broadened when
12 the language changed from "said at least one index" to "at least one said index." (Jan. 25, 2007
13 Order, Doc. # 180, at 10-13.) Section 305 of the Patent Act states in pertinent part: "No proposed
14 amended or new claim enlarging the scope of a claim of the patent will be permitted in a
15 reexamination proceeding. . . ." 35 U.S.C. § 305. Because the Court has found that claim 1 was
16 broadened during reexamination in violation of § 305, summary judgment of invalidity is
17 appropriate as to claim 1 and the dependent claims 2-14. *See Quantum Corp. v. Rodime, PLC*, 65
18 F.3d 1577, 1584 (Fed. Cir. 1995) ("We conclude that a violation of 35 U.S.C. § 305 is an invalidity
19 defense in a patent infringement action, and therefore the district court, upon finding correctly that
20 the claims at issue were improperly broadened during reexamination in violation of section 305,
21 properly granted Quantum's motion for summary judgment of invalidity."); *see also Thermalloy,*
22 *Inc. v. Aavid Eng'g*, 121 F.3d 691, 694 (Fed. Cir. 1997) ("Thermalloy enlarged the scope of the
23 reexamination claims. The district court correctly granted summary judgment of invalidity.").

24 Plaintiff asserts that summary judgment is inappropriate. Plaintiff asserts that "[w]hen claims
25 are amenable to more than one construction, they should when reasonably possible be interpreted
26 so as to preserve their validity." *Modine Mfg. Co. v. U.S. Int'l Trade Comm'n*, 75 F.3d 1545, 1557
27 (Fed. Cir. 1996) (citations omitted).

28

"While [the Federal Circuit] ha[s] acknowledged the maxim that claims should be construed to preserve their validity, we have not applied that principle broadly, and we have certainly not endorsed a regime in which validity analysis is a regular component of claim construction. Instead, we have limited the maxim to cases in which 'the court concludes, after applying all the available tools of claim construction, that the claim is still ambiguous.'" *Phillips v. AWH Corp.*, 415 F.3d 1303, 1327 (Fed. Cir. 2005) (quoting *Liebel-Flarsheim Co. v. Medrad, Inc.*, 358 F.3d 898, 910 (Fed. Cir. 2004); citing *Generation II Orthotics Inc. v. Med. Tech. Inc.*, 263 F.3d 1356, 1365 (Fed. Cir. 2001) ("[C]laims can only be construed to preserve their validity where the proposed claim construction is 'practicable,' is based on sound claim construction principles, and does not revise or ignore the explicit language of the claims."); *Elekta Instrument S.A. v. O.U.R. Scientific Int'l, Inc.*, 214 F.3d 1302, 1309 (Fed. Cir. 2000) ("having concluded that the amended claim is susceptible of only one reasonable construction, we cannot construe the claim differently from its plain meaning in order to preserve its validity")); *cf. Quantum Corp.*, 65 F.3d at 1584 ("Although we construe claims, if possible, so as to sustain their validity, it is well settled that no matter how great the temptations of fairness or policy making, courts do not redraft claims.") (citations omitted).

For the reasons stated in the January 25, 2007 Order, the Court finds that after applying all the available tools of claim construction, claim 1 as amended is not ambiguous: claim 1 was broadened during reexamination in violation of § 305. Therefore, summary judgment of invalidity is appropriate as to claim 1 and dependent claims 2-14 of the '798 Patent.[1]

**B.    Claims 15-20**

In the January 25, 2007 Order, the Court stated: "Claims 1 and 15 of the '798 Patent were amended. The parties agree that whether the amendments to claim 1 are substantive is the key issue to be resolved. Accordingly, the Court will not address the amendments to claim 15." (Jan. 25, 2007 Order, Doc. # 180, at 3.) Despite the fact that claim 15 was not addressed by the January 25,

---

[1] As to claims 1-14 of the '798 Patent, summary judgment will be granted as to Defendant's Sixth Counterclaim, which seeks a declaration that, based upon changes made during reexamination, the '798 Patent is invalid. This ruling renders moot Defendant's other counterclaims, as they relate to claims 1-14 of the '798 Patent.

2007 Order, Defendant moves for summary judgment as to claim 15 and dependent claims 16-20 on the grounds that claims 15-20 contain the same broadening changes as claims 1-14.

Plaintiff argues that summary judgment as to claims 15-20 is inappropriate because Plaintiff has withdrawn its assertion that Defendant is infringing claims 15-20, thereby divesting this Court of jurisdiction over those claims. Specifically, Plaintiff stated in its summary judgment opposition brief:

> Predicate is withdrawing any prior assertion of claim 15 – that is, to the extent Predicate had previously asserted that Distributive infringes claim 15 (or any of its dependent claims), Predicate has withdrawn such assertion (now or in the future, against any products or services now provided by Distributive).

(Pl.'s Mem. Opp'n Mot. Summ. J., Doc. # 188, at 2.) At the June 11, 2007 oral argument on the Motion for Summary Judgment, counsel for Plaintiff stated that: "The first point I want to make concerns . . . claims 15 through 20, . . . Predicate has withdrawn those claims from the case and is not going to sue Distributive for past products or present products. . . ." (June 11, 2007 Tr. at 4.) At oral argument, Plaintiff's counsel also asserted that Plaintiff is withdrawing its claims that Defendant is inducing others to infringe claims 15-20 of the '798 Patent and/or committing acts of contributory infringement of claims 15-20 of the '798 Patent. (*Id.* at 4-6.) Plaintiff's counsel stated that this withdrawal applies to Defendant's past and present products, but "[i]t doesn't extend to future activity because [Defendant] may come out with a new product later, and Predicate may want to assert those claims at a later date." (*Id.* at 4.)

These statements preclude Plaintiff from pursuing or later reasserting the causes of action alleged in the Complaint with respect to claims 15-20 of the '798 Patent for any "past products or present products" as of the date of the summary judgment oral argument, June 11, 2007. *See Super Sack Mfg. Corp. v. Chase Packaging Corp.*, 57 F.3d 1054, 1059 (Fed. Cir. 1995) ("Super Sack itself is bound, both now and in the future, by its promise not to sue Chase. . . . Super Sack is forever estopped by its counsel's statement of nonliability, on its face and as explained during oral argument before this court, from asserting liability against Chase in connection with any products that Chase made, sold, or used on or before July 8, 1994."). Therefore, as to claims 15-20, Plaintiff's Complaint will be dismissed with prejudice, as to "past products or present products" as of June 11,

2007. (June 11, 2007 Tr. at 4.) The sole remaining issue is whether Plaintiff's withdrawal also necessitates the dismissal of Defendant's counterclaims seeking declaratory judgments as to claims 15-20 of the '798 Patent.

Jurisdiction under the Declaratory Judgment Act requires an "actual controversy." 28 U.S.C. § 2201(a). To determine whether there is an actual controversy in declaratory judgment actions involving allegations of patent noninfringement, invalidity, or unenforceability, the Federal Circuit applies a two-prong inquiry:

> There must be both (1) an explicit threat or other action by the patentee, which creates a reasonable apprehension on the part of the declaratory plaintiff that it will face an infringement suit, and (2) present activity which could constitute infringement or concrete steps taken with the intent to conduct such activity.

*Super Sack Mfg. Corp. v. Chase Packaging Corp.*, 57 F.3d 1054, 1058 (Fed. Cir. 1995) (quoting *BP Chems. Ltd. v. Union Carbide Corp.*, 4 F.3d 975, 978 (Fed. Cir. 1993) (internal quotations and emphases omitted)). The declaratory judgment plaintiff bears the burden of proving that there is an actual controversy. *See id.* "Finally, even if there is an actual controversy and thus jurisdiction, the exercise of that jurisdiction rests within the sound discretion of the district court." *Fina Research, S.A. v. Baroid Ltd.*, 141 F.3d 1479, 1481 (Fed. Cir.1998) (citation omitted).

In *Super Sack*, the Federal Circuit held that the following statement in a brief by plaintiff's attorney was sufficient to divest the court of jurisdiction: "Super Sack will unconditionally agree not to sue Chase for infringement as to any claim of the patents-in-suit based upon the products currently manufactured and sold by Chase." *Super Sack*, 57 F.3d at 1056. The Federal Circuit held that, because the patentholder "is forever estopped by its counsel's statement of nonliability . . . from asserting liability against [the alleged infringer] in connection with any products that [it] made, sold or used," there was no "reasonable apprehension that it will face an infringement suit." *Super Sack*, 57 F.3d at 1059. As a result, there was no actual controversy. *See id.* at 1060. Similarly, in *Spectronics Corp. v. H.B. Fuller Co.*, 940 F.2d 631 (Fed. Cir. 1991), the Federal Circuit held that, by filing with the district court a covenant not to sue the declaratory judgment plaintiff for infringement of the patent in suit, the patentholder was "forever estopped from asserting the ... patent claims against the [declaratory judgment plaintiff]." *Id.* at 636. As a result, the controversy

was rendered moot. *See id.* at 638. The court stated: "Having requested a declaration of non-infringement of the . . . patent claims, [the declaratory judgment plaintiff] for all practical purposes has won the case pleaded in its complaint." *Id.* at 636.

This Court finds that Plaintiff has withdrawn its assertion that Defendant is infringing claims 15-20 of the '798 Patent (including its assertion of inducement and contributory infringement). Although Plaintiff's withdrawal does not foreclose the possibility that Plaintiff might sue Defendant for some future products or services that allegedly infringe claims 15-20 of the '798 Patent, this is too speculative a basis for jurisdiction over Defendant's counterclaims for declaratory judgments. Therefore, Plaintiff's withdrawal divests this Court of jurisdiction over all counterclaims related to claims 15-20 of the '798 Patent. *See Super Sack*, 57 F.3d at 1060 ("Super Sack's promise not to sue renders any past or present acts of infringement that Chase may or may not have committed irrelevant to the question whether a justiciable controversy remains. The residual possibility of a future infringement suit based on Chase's future acts is simply too speculative a basis for jurisdiction over Chase's counterclaim for declaratory judgments of invalidity. The only proper course for the trial court was to dismiss the case for lack of jurisdiction. . . .").

**III.  Conclusion**

For the foregoing reasons, Defendant's Motion for Summary Judgment (Doc. # 184) is **GRANTED** in part and **DENIED** in part, as follows:

(i)  Summary judgment in favor of Defendant and against Plaintiff is **GRANTED** as to Plaintiff's claims and Defendant's Sixth Counterclaim, as they relate to claims 1-14 of the '798 Patent.

(ii)  Summary Judgment in favor of Defendant and against Plaintiff is **DENIED** as to Plaintiff's claims and Defendant's counterclaims, as they relate to claims 15-20 of the '798 Patent.

The First, Second, Third, Fourth, Fifth and Seventh Counterclaims, as they relate to claims 1-14 of the '798 Patent, are **DISMISSED** as moot. All counterclaims related to claims 15-20 of the

'798 Patent are **DISMISSED** for lack of jurisdiction.  Plaintiff's Complaint is **DISMISSED** with prejudice.

The parties shall file a proposed judgment no later than 14 days from the date this Order is filed.

DATED: July 12, 2007

*William Q. Hayes*
**WILLIAM Q. HAYES**
United States District Judge